Filed 12/23/20  P. v. Saldana CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDY SALDANA,<br><br>    Defendant and Appellant. | B302338<br><br>(Los Angeles County<br>Super. Ct. No. LA038882) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shellie Samuels, Judge.  Dismissed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In December 2002, a jury convicted appellant Rudy Saldana on one count of first degree murder and five counts of premeditated attempted murder, and also found that a principal personally and intentionally discharged a firearm during the commission of the crime, which proximately caused great bodily injury to several of the victims. In July 2003, the trial court sentenced appellant to fifty years to life on the first degree murder count, and ran the sentences for the five counts of attempted murder concurrently.

In March 2019, appellant filed a petition for relief under Penal Code section 1170.95, which provides that persons convicted of murder under theories of felony murder or the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437, may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).) The People opposed the petition, and appellant elected not to file a reply. The court denied appellant's petition on two independent grounds: (1) Penal Code section 1170.95 is unconstitutional; and (2) appellant was ineligible for relief under the section because he was not prosecuted under a theory of felony murder or the natural and probable consequences doctrine. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment

2

proceeding following a first appeal as of right, an appellate court need not independently review the record. (*Id.* at 498.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response. Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned. (See *ibid*.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.


4